IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
DAVIS TATE, JR.,                *
                                *
     Plaintiff,                 *
                                *
          v.                    *      CV 114-124
                                *
MS. FNU KIT, Mental Health      *
Counselor; MS. FNU EVANS,       *
Mental Health Counselor; and    *
JAMES BRAYANT, Inmate, GDC      *
1000298094,                     *
                                *
     Defendants.                *
```

O R D E R

This matter is before the Court on Plaintiff Davis Tate, Jr.'s *pro se* petition for writ of mandamus. (Doc. 10.) Mr. Tate is an inmate presently incarcerated at Augusta State Medical Prison in Grovetown, Georgia. In this motion, he seeks to compel the Court to "free" him "with full compensation" because "all the correct and proper information [and] evidence . . . has been given." (Id.) To the extent Mr. Tate's motion is decipherable, it contains no further allegations.[1]

First, if Mr. Tate's petition seeks to compel this Court to address the claims in his May 27, 2014 Complaint (Doc. 1), the

---

[1] Since 2010, Mr. Tate has filed three suits in Georgia district courts that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted. (Doc. 3, at 2.) Mr. Tate has filed three additional complaints with this Court during 2014 that were dismissed under 28 U.S.C. § 1915(g)'s three strikes provision. (Id. at 2-3; see also Doc. 8.)

Court has already directed Mr. Tate to initiate a new suit and pay the full filing fee on account of his prior abusive filings, and indeed, this motion counts as yet another. (Doc. 8.) Newson v. Benton, No. 09-14333-CIV, 2009 WL 5217014, at *4 (S.D. Fla. Dec. 29, 2009) (listing cases that have held mandamus petitions qualify as "civil actions" under 28 U.S.C. § 1915(g)). Second, even if the Court had not dismissed Mr. Tate's underlying case, which challenged allegedly unlawful prison conditions, the relief he requests is not available in a 42 U.S.C. § 1983 action. See Preiser v. Rodriquez, 411 U.S. 475 (1973) (challenges to duration or fact or confinement, as opposed to conditions of confinement, are cognizable solely by petition or writ of habeas corpus). Finally, to the extent that Mr. Tate so requests, this Court simply has no authority to "order" Augusta State Medical Prison personnel to take any action. Federal mandamus is available only "to compel an officer or employee of the United States . . . to perform a duty owed to the petitioner." 28 U.S.C. § 1361. Actions in the nature of mandamus to direct state or local officials in the performance of their duties are not within the jurisdiction of the United States District Courts under 28 U.S.C. § 1361. See Ferguson v. Ala. Crim. Justice Info. Ctr., 962 F. Supp. 1446 (M.D. Ala. 1997); Noe v. Metropolitan Atlanta Rapid Transit Auth., 485 F. Supp. 501, 504 (N.D. Ga. 1980), aff'd, 644 F.2d 434 (11th Cir.).

Upon due consideration, therefore, Plaintiff's petition for writ of mandamus is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of September, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA